

ORDERED in the Southern District of Florida on July 29, 2015.

_____
Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                Case No.:  14-32618-BKC-RBR
                                                                      Chapter 7
**TOMAS CASTANO**
SSN: XXX-XX-4124
**MIRIAM CASTANO**
SSN: XXX-XX-2235

_____Debtors._____/

### ORDER CONVERTING CASE UNDER CHAPTER 13
### TO CASE UNDER CHAPTER 7

Scott N. Brown, as prior Chapter 7 Trustee of the bankruptcy estate of Tomas and Miriam Castano filed a motion to convert this case to a case under chapter 7 pursuant to this *Court's Order Converting Case Under Chapter 7 to Case Under Chapter 13* [ECF No. 48]. A hearing was held on July 16, 2015 at 1:00 p.m. at which time the court heard from all interested parties. It is **ORDERED** that:

00329132.DOC

Case No.: 14-32618-BKC-RBR

1. This case is converted to a case under chapter 7.

2. The chapter 13 trustee, within 30 days of the date of this order, shall file an accounting of all receipts and distributions made, and list any pending obligations incurred under the plan. A copy of the report shall be served on the U.S. trustee.

3. The debtors, within 14 days of the date of this order, shall file a schedule of unpaid debts incurred after the commencement of the chapter 13 case as required by Bankruptcy Rule 1019(5) and Local Rule 1019-1(B). The schedule must be accompanied by a matrix of creditors as required by the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices". The debtors or debtors' attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

4. The chapter 13 trustee shall, within 14 days from the date of this order, turn over to the chapter 7 trustee all records of the estate remaining in the chapter 13 trustee's custody and control, as required by Bankruptcy Rule 1019(4).

5. The chapter 13 trustee shall dispose of funds in the trustee's possession in accordance with Local Rule 1019-1(D), unless otherwise ordered by the court.

6. The debtors shall file, within 14 days of the date of this order:

a. the statements and schedules required by Bankruptcy Rules 1007(c) and 1019(1)(A) in accordance with Local Rules 1007-2 and 1009-1(D), if such documents have not already been filed.

b. the Official Form B22A-1 "Chapter 7 Statement of Your Current Monthly Income", required under Local Rule 1019-1(H);

c. payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and

00329132.DOC

Case No.: 14-32618-BKC-RBR

Local Rule 1007-1(F); and

    d.    if not already filed, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under §109(h)(4).

    7.    The debtors shall file, within 30 days of the date of this order, a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 8.

    8.    The debtors shall file, within 60 days after the first date set for the meeting of creditors under § 341, "Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management" (Official Bankruptcy Form B23) [See Bankruptcy Rules 1007(b)(7)(A) and (c)] (unless the course provider files a certificate of completion on the debtor's behalf).

    9.    If this case is being converted after the confirmation of a plan, the debtors shall file, within 30 days of the date of this order:

    a.    A schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order;

    b.    A schedule of unpaid debts (and matrix as described in paragraph 3) not listed in the final report and account of the chapter 13 trustee which were incurred after the commencement of the chapter 13 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(5) and provide notice of claims deadline as required by Bankruptcy Rule 1019(6) and Local Rule 1019-1(B); and

    c.    A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion

00329132.DOC

order.

10. The debtors shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(F)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

11. If the debtors had been granted permission to pay the chapter 13 filing fee in installments and the debtors seek waiver of the balance of the filing fee due, the debtors must file the waiver application prior to the next installment payment date to avoid dismissal of the case for nonpayment.

12. Failure of the debtors to comply with the provisions of this order may result in dismissal of this case without further hearing or notice.

###

**Submitted by:**

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).

Debtor
Attorney for Debtor
Chapter 13 Trustee
U.S. Trustee

00329132.DOC